1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRETT W. ALLEN,                          No. 2:14-cv-00210-AC

12                     Plaintiff,

13        v.                                   ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15
                      Defendant.
16

17

18          This matter is before the court on plaintiff's motion for attorney fees pursuant to the Equal

19   Access to Justice Act ("EAJA"), filed on November 26, 2014.  ECF No. 22.  The Commissioner

20   filed an opposition on November 26, 2014, ECF No. 24, and plaintiff filed a reply on December

21   3, 2014, ECF No. 25.

22          Plaintiff brought this action on January 22, 2014, seeking judicial review of a final

23   administrative decision denying his application for period of disability and disability insurance

24   benefits ("DIB") under Title II of the Social Security Act ("the Act") and supplemental security

25   income ("SSI") under Title XVI of the Act.  ECF No. 1.  On October 14, 2014, following the

26   filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment

27   by defendant, the court granted plaintiff's motion in part, reversed the decision of the

28   Commissioner and remanded the action for further proceedings.  ECF No. 20.

1     The court's decision was based upon the conclusion that the Administrative Law Judge

2  ("ALJ") erred in determining plaintiff's physical limitations when assessing plaintiff's residual

3  functional capacity ("RFC"). Id. at 10.  Specifically, the court found that the ALJ failed to

4  provide specific, legitimate reasons for giving the opinion of plaintiff's treating physician, Dr.

5  Harvey Sternberg, M.D., less than controlling weight. Id.  Summary judgment was therefore

6  entered for plaintiff on this issue, but denied on the remaining issues. Id.  The court remanded the

7  matter for a new hearing and directed the ALJ to properly consider Dr. Sternberg's residual

8  functional capacity assessments ("RFCA") in determining plaintiff's RFC. Id.

9     On November 26, 2014, plaintiff filed a motion for attorney fees seeking a fee award of

10  $6563.81 for 34 hours of attorney time expended in connection with this action. See ECF No. 22.

11  On November 26, 2014, the Commissioner filed an opposition arguing that plaintiff's motion

12  should be denied because (1) the position of the United States was substantially justified, and (2)

13  Astrue v. Ratliff, 560 U.S. 586 (2010) requires attorney's fees to be paid to the litigant, not the

14  attorney. ECF No. 24.  Plaintiff filed a reply on December 3, 2014, arguing that the United

15  States' position was not substantially justified and that plaintiff's attorney's fees, in the event they

16  are granted, should be paid directly to the attorney in accordance with the litigant's agreement

17  assigning his entitlement to fees to his attorney. ECF No. 25.

18     The EAJA provides that "a court shall award to a prevailing party . . . fees and other

19  expenses . . . incurred by that party in any civil action . . . brought by or against the United States

20  . . . unless the court finds that the position of the United States was substantially justified or that

21  special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v.

22  Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was

23  substantially justified or that special circumstances exist to make an award unjust." Gutierrez v.

24  Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

25     A "party" under the EAJA is defined as including "an individual whose net worth did not

26  exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i).  The

27  term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).

28  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the

2

1    prevailing party to the extent that the party 'unduly and unreasonably protracted' the final

2    resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§

3    2412(d)(1)(C) & 2412(d)(2)(D)).

4          A party who obtains a remand in a Social Security case is a prevailing party for purposes

5    of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has

6    ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence

7    four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.").  "An

8    applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the

9    denial of her benefits is reversed and remanded regardless of whether disability benefits

10   ultimately are awarded."  Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

11         Here, the court finds that plaintiff is the prevailing party.  Moreover, the court finds that

12   plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million

13   dollars when this action was filed.  The court also finds that the position of the government was

14   not substantially justified.  See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of

15   the government "includes both the government's litigation position and the underlying agency

16   action giving rise to the civil action."); Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998)

17   ("While the government's defense on appeal of an ALJ's procedural error does not automatically

18   require a finding that the government's position was not substantially justified, the defense of

19   basic and fundamental errors such as the ones in the present case is difficult to justify.");

20   Sampson v. Chater, 103 F.3d 918, 921–22 (9th Cir. 1996) (finding no substantial justification

21   where the Commissioner "did not prove that her position had a reasonable basis in either fact or

22   law" and "completely disregarded substantial evidence" of the onset of disability).

23         The Commissioner argues that the ALJ's decision was substantially justified based on two

24   factors: (1) the general improvement in plaintiff's condition after his surgery but before Dr.

25   Sternberg's RFCA; and (2) the inconsistency between the alleged extent of plaintiff's impairment

26   and his tendency to care for his disabled father.  ECF No. 2–3.  First, as the court's order granting

27   plaintiff's motion for summary judgment explains in more detail, the ALJ's conclusion that

28   plaintiff's physical impairments were entirely cured by his 2010 surgery was not reasonably

1    drawn from the record.  See ECF No. 20 at 8–9.  Second, the fact that plaintiff was able to

2    perform basic household chores such as cooking and cleaning in order to assist his disabled father

3    does not constitute a legitimate reason to discount Dr. Sternberg's RFCA.  See id. at 9–10.

4    Accordingly, the court finds that the ALJ's decision was not substantially justified.  Because the

5    government's underlying position was not substantially justified, the undersigned need not

6    address whether the government's litigation position was justified.  Meier, 727 F.3d at 872.

7        The EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C. §

8    2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since

9    1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost

10   of living.[1]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147–49 (9th Cir.

11   2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a reasonable fee

12   "'requires more inquiry by a district court than finding the product of reasonable hours times a

13   reasonable rate.'"  154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)

14   (internal citations omitted)).  The district court must consider "'the relationship between the

15   amount of the fee awarded and the results obtained.'"  Id. at 989 (quoting Hensley, 461 U.S. at

16   437).

17       Here, plaintiff's attorney obtained an order for a new hearing despite defendant's cross-

18   motion for summary judgment.  After carefully reviewing the record and the pending motion, the

19   court finds that the claimed 34 hours to be a reasonable amount of attorney time to have expended

20   on this matter and declines to conduct a line-by-line analysis of counsel's billing entries.  See,

21   e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-

22   cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-

23   cv-3534, 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008).  While the issues presented may have

24   been straightforward, 34 hours can be fairly characterized as well within the limit of what would

25

26   [1]  In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth
     Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum
27   hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on the
     Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested rates are
28   consistent with the statutory maximum rates established by the Ninth Circuit.

be considered a reasonable amount time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. See Boulanger v. Astrue, 2:07-cv-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, 2:06-cv-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time).

The Commissioner also argues that even if the court decides to award EAJA fees and expenses, Astrue mandates that those fees be paid to plaintiff directly, and not to his attorney. ECF No. 24 at 3–5. The Commissioner is correct that Astrue requires attorney's fees awarded under 28 U.S.C. § 2412(d) to be paid directly to litigants. Astrue v. Ratliff, 560 U.S. 586, 598 (2010). However, subsequent decisions have ordered payment directly to plaintiff's counsel where plaintiff has assigned his right to EAJA fees to his attorney, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, 2:08-cv-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, 2:09-cv-0112 EFB, 2011 WL 976484, at *2–3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, 09-cv-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel. Plaintiff has submitted with his motion a copy of such an agreement assigning his right to EAJA fees to his attorney. ECF No. 22-2. Accordingly, the court will honor the agreement between the litigant and his attorney, assuming that the litigant has no debt that requires offset.

////

5

1      Accordingly, IT IS HEREBY ORDERED that:

2      1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 22)

3  is granted;

4      2.  Plaintiff is awarded $6,563.81 for attorney fees under 28 U.S.C. § 2412(d); and

5      3.  Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject to any

6  offset permitted under the United States Department of the Treasury's Offset Program and, if the

7  fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause

8  the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed

9  by plaintiff.

10  DATED: December 4, 2014

11

12  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28